United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 22, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-10538
Summary Calendar

_____

MICHAEL L. DORSETT,

Plaintiff-Appellant,

versus

G. A. HUG, Etc.; ET AL.,

Defendants,

GERALD CARRUTH, Assistant U.S. Attorney,
Western District of Texas, in his individual capacity,

Defendant-Appellee.

- - - - - - - - - - - - - -
consolidated with

_____

No. 03-10786
Summary Calendar

_____

MICHAEL L. DORSETT,

Plaintiff-Appellant,

versus

G. A. HUG, Etc.; ET AL.,

Defendants,

F. COFFEY, in his individual capacity; J. KEATHLEY, in his
individual capacity; M. PACE, in his individual capacity;
F. MILLS, in his individual capacity; W. WILHOIT, in his
individual capacity; VICKY MARWOOD, in her individual capacity;
TODD MCCALL, in his individual capacity; PAT KIERHAN, in his
individual capacity; MONICA SEGEDY, in her individual capacity;
GREG HARBOURT, in his individual capacity; LAURIE GIBBS, in her

individual capacity; LISA REDWINE, in her individual capacity; ANTHONY WEAVER, in his individual capacity; JIM MONTEE, in his individual capacity; ROBERT ZANE, in his individual capacity; ALBERT SANCHEZ, in his individual capacity; JOHN P. BRADFORD, in his individual capacity;

                                        Defendants-Appellees.

                          - - - - - - - - - - - - - -
                              consolidated with

                         _____

                              No. 03-10912
                             Summary Calendar
                         _____

MICHAEL L. DORSETT,

                                        Plaintiff-Appellant,

versus

G. A. HUG, Etc.; ET AL.,

                                        Defendants,

G. A. HUG, in his individual capacity; F. D. CHAMBERS, in his individual capacity,

                                        Defendants-Appellees.

                         _____
                 Appeals from the United States District Court
                      for the Northern District of Texas
                          USDC No. 4:01-CV-259-A
                         _____

Before HIGGINBOTHAM, DAVIS, AND PRADO, Circuit Judges:

PER CURIAM:[*]

---

    [*]    Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

-2-

Appellant Michael Dorsett filed suit under 42 U.S.C. § 1983 against G. A. Hug, F. D. Chambers, and numerous other defendants alleging violations of his constitutional rights. He also raised claims under the Racketeer Influenced and Corrupt Organizations (RICO) Act[1] and the Wire and Electronic Communications Interception and Interception of Oral Communications (Wiretap) Act.[2] The district court dismissed his claims, and Dorsett appeals. He also argues that the district abused its discretion in denying his recusal motions. We have consolidated the appeals,[3] and we now AFFIRM.

This suit centers around the events preceding Dorsett's 1998 conviction. He pled guilty to one count of carrying a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1) and (2), and was sentenced to a term of sixty months followed by a three year term of supervised release. Dorsett alleged in his complaint that Hug, Chambers, and the other defendants engaged in an illicit undercover investigation.

Dorsett sued Appellee Gerald Carruth, an Assistant United States Attorney for the Western District of Texas, in his individual capacity. The district court determined that defendant Carruth was entitled to dismissal on several grounds. In particular, the court concluded that "Carruth is entitled to the

---

[1] 18 U.S.C. § 1962.

[2] 18 U.S.C. § 2511.

[3] See FED. R. APP. P. 3(b).

-3-

defense of qualified immunity." Although Dorsett challenges some of the district court's grounds for dismissal, he failed to brief the issue of qualified immunity. *Pro se* briefs are afforded liberal construction,[4] but even *pro se* litigants must brief arguments in order to preserve them.[5] Arguments not adequately argued in the body of the brief are deemed abandoned on appeal.[6] Because the district court's unchallenged dismissal on grounds of qualified immunity is sufficient to dispose of all the claims asserted against Carruth, it is unnecessary to discuss Dorsett's other arguments.[7]

The district court determined that Dorsett's only claim against Appellees Lt. L. Coffey, Capt. J. Keathley, Maj. M. Pace, Col. F. Mills, and Col. W. Wilhoit (the Missouri Five) and Appellees John P. Bradford, Albert Sanchez, Vicki Marwood, Todd McCall, Pat Kierhan, Monica Segedy, Greg Harbourt, Laurie Gibbs, Lisa Redwine, Anthony Weaver, Jim Montee, and Robert Zane (the Federal Twelve) arose under the RICO Act, and granted the defendants' motions to dismiss. Dorsett argues that his verified complaint states a RICO claim against these defendants. We agree with the defendants and the district court that the complaint fails

---

[4] *See Haines v. Kerner*, 404 U.S. 519, 521 (1972).

[5] *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

[6] *Id.* at 225.

[7] *See American Eagle Airlines, Inc. v. Air Line Pilots Ass'n, Int'l*, 343 F.3d 401, 411 n.6 (5th Cir. 2003).

-4-

to satisfy the RICO continuity requirement: there is no allegation that the defendants have regularly operated in an allegedly illegal manner or that there is a threat that they will so operate in the future.[8]

Dorsett's final argument is that the district court erred in granting summary judgment to defendants G.A. Hug and F.D. Chambers on his RICO and Wiretap Act claims. We review the district court's grant of summary judgment de novo and evaluate the facts in the light most favorable to the nonmoving party.[9] "We may affirm a summary judgment on any ground supported by the record, even if it is different from that relied on by the district court."[10] With regard to Dorsett's RICO Act claim, the summary judgment record, including Dorsett's verified complaint and the additional evidence adduced by Dorsett in opposition to the defendants' motion, provides no proof that the RICO Act's continuity requirement is satisfied.[11] The district court dismissed Dorsett's Wiretap Act claims because they were barred by the statute of limitations. Dorsett fails to present any argument in his opening brief

---

[8] *See Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1139-40 (5th Cir. 1992) (holding that, to state a claim under RICO, alleged acts must pose a threat of continued criminal activity).

[9] *Whittaker v. BellSouth Telecomm., Inc.*, 206 F.3d 532, 534 (5th Cir. 2000).

[10] *Holtzclaw v. DSC Communications Corp.*, 255 F.3d 254, 258 (5th Cir. 2001).

[11] *See Tel-Phonic Servs.*, 975 F.2d at 1139-40.

concerning the statute of limitations.  He has thus waived the issue and cannot show that the district court erred in dismissing these claims.[12]

Dorsett also argues that the district court should have recused itself pursuant to 28 U.S.C. § 455(a).  He contends that the district court's unexplained rulings on various motions call the district court's impartiality into doubt.  An appellant's references to the district court's adverse rulings are insufficient to support his claim of judicial bias.[13]  Dorsett has failed to show that the district court abused its discretion by denying his recusal motions.

CASES CONSOLIDATED; AFFIRMED.

---

[12] *See Morin v. Moore*, 309 F.3d 316, 328 (5th Cir.2002); *Yohey*, 985 F.2d at 224-25.

[13] *See United States v. Mizell*, 88 F.3d 288, 299-300 (5th Cir. 1996).